## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WALTER BISCARDI, JR., DANIEL
DAUBE, AMANDA RIER, and
STEPHANIE MULLEN,

     Plaintiffs,

v.

OUTDOOR MASTERCLASS, INC.
and MARK TREAGER,

     Defendants.

Civil Action

File No.:     1:22-cv-03940-MHC

## DEFENDANTS'
## ANSWER, AFFIRMATIVE DEFENSES, and COUNTERCLAIM

**COME NOW** Outdoor Masterclass, Inc. and Mark Treager, Defendants in the above styled civil action, (collectively "Defendants"), and for their Answer and Affirmative Defenses to Plaintiffs' Complaint show the Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, to the extent that Plaintiffs failed to institute their action within the time required under the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, due to estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because no alleged act or omission of Defendants has proximately caused any alleged harm to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, due to its failure to plead their fraud allegations with the required specificity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, due to setoff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because of the malfeasance of Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because of the misfeasance of Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because of the nonfeasance of Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to act reasonably to minimize, avoid, or otherwise mitigate its alleged damages and, as a result, are or may be barred or otherwise prevented from recovering damages, or those damages will be reduced.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because no act or omission on the part of Defendants caused or contributed to any alleged injury or damage to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, due the negligence, omissions, or intentional acts of others, for which Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, due to Defendants acting in good faith with respect to their actions.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, in that any loss, damage, or injury asserted by Plaintiff is the result of Plaintiffs' own negligence, omissions, or intentional acts, for which Defendants are not responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, due to corporation by estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, due to the intervening acts of others.

Defendants reserve the right to assert further Affirmative Defenses as they become evident through discovery investigation.

Defendants respond to the enumerated and numbered allegations set forth in Plaintiffs' Complaint as follows:

## NATURE OF THE ACTION

### 1.

The allegations contained within Paragraph 1 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 1 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

## PARTIES

### 2.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 2 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

3.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 3 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

4.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 4 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

5.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 5 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

6.

Defendants admit the allegations contained within Paragraph 6 of Plaintiffs' Complaint.

7.

Defendants admit the allegations contained within Paragraph 7 of Plaintiffs' Complaint.

8.

Defendants admit the allegations contained within Paragraph 8 of Plaintiffs' Complaint.

9.

Defendants admit the allegations contained within Paragraph 9 of Plaintiffs' Complaint.

10.

Defendants admit the allegations contained within Paragraph 10 of Plaintiffs' Complaint.

11.

The allegations contained within Paragraph 11 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 11 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

## JURISDICTION AND VENUE

### 12.

The allegations contained within Paragraph 12 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 12 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

### 13.

The allegations contained within Paragraph 13 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 13 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

### 14.

The allegations contained within Paragraph 14 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 14 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation

of liability thereunder.

15.

The allegations contained within Paragraph 15 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 15 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

16.

Defendant states that the terms of any document referred to within Paragraph 16 of Plaintiffs' Complaint are the best evidence of the contents of said document, and Defendants deny Plaintiffs' characterizations thereof, deny any imputation of liability to Defendants, and deny all allegations contained therein.

## FACTUAL ALLEGATIONS

17.

Defendants admit Treager is the CEO of Cornerstone Media Group, Inc., but deny the remaining allegations contained within Paragraph 17 of Plaintiffs' Complaint, as well as Plaintiffs' characterization of Treager.

18.

Defendants admit Biscardi and Treager met at Biscardi's facility, Biscardi Creative Media, in Buford, Georgia, but is without sufficient knowledge or information to either admit or deny the remaining allegations contained within Paragraph 18 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

19.

Defendants deny the allegations contained within Paragraph 19 of Plaintiffs' Complaint.

20.

Defendants admit starting OMI, but deny the remaining allegations contained within Paragraph 20 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

21.

Defendants admit reaching out to Biscardi via Linkedin, but are without knowledge or information sufficient to either admit or deny the remaining allegations contained within Paragraph 21 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

22.

Defendants admit the allegations contained within Paragraph 22 of Plaintiffs' Complaint.

23.

Defendants admit the allegations contained within Paragraph 23 of Plaintiffs' Complaint.

24.

Defendants admit the allegations contained within Paragraph 24 of Plaintiffs' Complaint.

25.

Defendants admit the allegations contained within Paragraph 25 of Plaintiffs' Complaint.

26.

Defendants admit the allegations contained within Paragraph 26 of Plaintiffs' Complaint.

27.

Defendants admit that in his corporate capacity as an officer of OMI, Treager made certain representations, but Defendants deny the remaining allegations

contained within Paragraph 27 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

<center>28.</center>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 28 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<center>29.</center>

Defendants admit the allegations contained within Paragraph 29 of Plaintiffs' Complaint.

<center>30.</center>

Defendants admit the allegations contained within Paragraph 30 of Plaintiffs' Complaint.

<center>31.</center>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 31 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

32.

Defendants admit the allegations contained within Paragraph 32 of Plaintiffs' Complaint.

33.

Defendants admit the allegations contained within Paragraph 33 of Plaintiffs' Complaint.

34.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 34 of Plaintiffs' Complaint are denied by operation of law. Treager only representations were made in his corporate capacity as an officer of OMI. Defendants further deny any imputation of liability thereunder. Defendants further deny any imputation of liability thereunder.

35.

Defendants deny the allegations contained within Paragraph 35 of Plaintiffs' Complaint.

36.

Defendants deny the allegations contained within Paragraph 36 of Plaintiffs' Complaint.

37.

Defendants' only representations were made in his corporate capacity as an officer of OMI. Defendants deny the remaining allegations contained within Paragraph 37 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

38.

Defendants' only representations were made in his corporate capacity as an officer of OMI. Defendants deny the remaining allegations contained within Paragraph 38 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

39.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 39 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

40.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 40 of Plaintiffs' Complaint, and

thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">41.</div>

Defendants' only representations were made in his corporate capacity as an officer of OMI. Defendants deny the remaining allegations contained within Paragraph 41 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

<div align="center">42.</div>

Defendants' only representations were made in his corporate capacity as an officer of OMI. Defendants deny the remaining allegations contained within Paragraph 42 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

<div align="center">43.</div>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 43 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">44.</div>

Defendants' only representations were made in his corporate capacity as an officer of OMI. Defendants deny the remaining allegations contained within Paragraph 44 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

45.

Defendants deny the allegations contained within Paragraph 45 of Plaintiffs' Complaint.

46.

Defendants deny the allegations contained within Paragraph 46 of Plaintiffs' Complaint.

47.

Defendants deny the allegations contained within Paragraph 47 of Plaintiffs' Complaint.

48.

Defendants deny the allegations contained within Paragraph 48 of Plaintiffs' Complaint.

49.

Defendants' only representations were made in his corporate capacity as an officer of OMI. Defendants deny the remaining allegations contained within Paragraph 49 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

**FACTUAL ALLEGATIONS SHOWING**
**OMI EMPLOYED PLAINTIFFS UNDER THE FLSA**

50.

The allegations contained within Paragraph 50 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 50 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

51.

The allegations contained within Paragraph 51 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 51 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

52.

The allegations contained within Paragraph 52 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 52 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<p style="text-align:center">53.</p>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 53 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<p style="text-align:center">54.</p>

Defendants deny the allegations contained within Paragraph 54 of Plaintiffs' Complaint.

<p style="text-align:center">55.</p>

Defendants deny the allegations contained within Paragraph 55 of Plaintiffs' Complaint.

<p style="text-align:center">56.</p>

Defendants deny the allegations contained within Paragraph 56 of Plaintiffs'

Complaint.

<center>57.</center>

Defendants deny the allegations contained within Paragraph 57 of Plaintiffs' Complaint.

<center>58.</center>

The allegations contained within Paragraph 58 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 58 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<center>59.</center>

Defendants admit the allegations contained within Paragraph 59 of Plaintiffs' Complaint.

<center>60.</center>

Defendants admit the allegations contained within Paragraph 60 of Plaintiffs' Complaint.

<center>61.</center>

Defendants admit the allegations contained within Paragraph 61 of Plaintiffs'

Complaint.

62.

Defendants deny the allegations contained within Paragraph 62 of Plaintiffs' Complaint.

63.

Defendants deny the allegations contained within Paragraph 63 of Plaintiffs' Complaint.

64.

Defendants admit the allegations contained within Paragraph 64 of Plaintiffs' Complaint.

65.

The allegations contained within Paragraph 65 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 65 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

66.

Defendants admit Plaintiff contacted Treager, but are either without

knowledge or deny the remaining allegations contained within Paragraph 66 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS SHOWING DEFENDANT MARK TREAGER EMPLOYED PLAINTIFFS UNDER THE FLSA

### 67.

The allegations contained within Paragraph 67 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 67 of Plaintiffs' Complaint are denied by operation of law. Treager denies employing anyone. Defendants further deny any imputation of liability thereunder.

### 68.

Defendants admit the allegations contained within Paragraph 68 of Plaintiffs' Complaint.

### 69.

Defendants admit the allegations contained within Paragraph 69 of Plaintiffs' Complaint.

### 70.

Defendants admit the allegations contained within Paragraph 70 of Plaintiffs' Complaint.

71.

Defendants admit that in his corporate capacity as an officer of OMI, Treager set the pay policies of OMI. Defendants deny the remaining allegations contained within Paragraph 71 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

72.

Defendants admit that in his corporate capacity as an officer of OMI, Treager had authority to hire. Defendants deny the remaining allegations contained within Paragraph 72 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

73.

Defendants admit that in his corporate capacity as an officer of OMI, Treager had authority to fire. Defendants deny the remaining allegations contained within Paragraph 73 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

74.

Defendants admit that in his corporate capacity as an officer of OMI, Treager had authority to reprimand. Defendants deny the remaining allegations contained

within Paragraph 74 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

<div align="center">75.</div>

Defendants deny the allegations contained within Paragraph 75 of Plaintiffs' Complaint.

<div align="center">76.</div>

Defendants admit that in his corporate capacity as an officer of OMI, Treager could process and approve payroll. Defendants deny the remaining allegations contained within Paragraph 76 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">77.</div>

Defendants deny the allegations contained within Paragraph 77 of Plaintiffs' Complaint.

## FACTS SUPPORTING PLAINTIFFS' CLAIM FOR UNPAID MINIMUM WAGES AND OVERTIME IN VIOLATION OF THE FLSA

<div align="center">78.</div>

Defendants deny the allegations contained within Paragraph 78 of Plaintiffs' Complaint.

<div align="center">79.</div>

Defendants deny the allegations contained within Paragraph 79 of Plaintiffs' Complaint.

80.

Defendants deny the allegations contained within Paragraph 80 of Plaintiffs' Complaint.

81.

Defendants deny the allegations contained within Paragraph 81 of Plaintiffs' Complaint.

82.

Defendants deny the allegations contained within Paragraph 82 of Plaintiffs' Complaint.

83.

Defendants deny the allegations contained within Paragraph 83 of Plaintiffs' Complaint.

84.

Defendants deny the allegations contained within Paragraph 84 of Plaintiffs' Complaint.

85.

Defendants deny the allegations contained within Paragraph 85 of Plaintiffs' Complaint.

<div align="center">86.</div>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 86 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">87.</div>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 87 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">88.</div>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 88 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">89.</div>

Defendants deny the allegations contained within Paragraph 89 of Plaintiffs' Complaint.

<center>90.</center>

Defendants admit that Defendants did not records Plaintiffs' hours for any work week, and Defendants deny the remaining allegations contained within Paragraph 90 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

<center>91.</center>

Defendants deny the allegations contained within Paragraph 91 of Plaintiffs' Complaint.

<center>92.</center>

The allegations contained within Paragraph 92 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 92 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<center>93.</center>

Defendants deny the allegations contained within Paragraph 93 of Plaintiffs' Complaint.

94.

Defendants deny the allegations contained within Paragraph 94 of Plaintiffs' Complaint.

95.

Defendants deny the allegations contained within Paragraph 95 of Plaintiffs' Complaint.

96.

Defendants deny the allegations contained within Paragraph 96 of Plaintiffs' Complaint.

97.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 97 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

98.

Defendants deny the allegations contained within Paragraph 98 of Plaintiffs' Complaint.

<div align="center">99.</div>

Defendants deny the allegations contained within Paragraph 99 of Plaintiffs' Complaint.

<div align="center">100.</div>

Defendants deny the allegations contained within Paragraph 100 of Plaintiffs' Complaint .

<div align="center">101.</div>

Defendants deny the allegations contained within Paragraph 101 of Plaintiffs' Complaint.

## FACTS SUPPORTING PLAINTIFFS' BREACH OF CONTRACT CLAIM FOR UNPAID NON-OVERTIME WORK

<div align="center">102.</div>

Defendants admit the allegations contained within Paragraph 102 of Plaintiffs' Complaint.

<div align="center">103.</div>

Defendants admit having certain agreements with Plaintiffs, but deny the remaining allegations contained within Paragraph 103 of Plaintiffs' Complaint are

denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">104.</div>

Defendants admit the allegations contained within Paragraph 104 of Plaintiffs' Complaint.

<div align="center">105.</div>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 105 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">106.</div>

Defendants admit the allegations contained within Paragraph 106 of Plaintiffs' Complaint.

<div align="center">107.</div>

Defendants admit the allegations contained within Paragraph 107 of Plaintiffs' Complaint.

<div align="center">108.</div>

Defendants deny the allegations contained within Paragraph 108 of Plaintiffs'

Complaint.

109.

Defendants admit the allegations contained within Paragraph 109 of Plaintiffs' Complaint.

110.

Defendants deny the allegations contained within Paragraph 110 of Plaintiffs' Complaint.

111.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 111 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

112.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 112 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

113.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 113 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">114.</div>

Defendants deny the allegations contained within Paragraph 114 of Plaintiffs' Complaint.

<div align="center">115.</div>

Defendants deny the allegations contained within Paragraph 115 of Plaintiffs' Complaint.

<div align="center">**FACTS SUPPORTING PLAINTIFFS' CLAIMS FOR FRAUD**</div>

<div align="center">116.</div>

Defendants deny the allegations contained within Paragraph 116 of Plaintiffs' Complaint.

<div align="center">117.</div>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 117 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of

liability thereunder.

<p style="text-align:center">118.</p>

Defendants admit Plaintiffs made certain inquiries of them, but deny the remaining allegations contained within Paragraph 118 of Plaintiffs' Complaint.

<p style="text-align:center">119.</p>

Defendants deny the allegations contained within Paragraph 119 of Plaintiffs' Complaint.

<p style="text-align:center">120.</p>

Defendant states that the terms of any document referred to within Paragraph 120 of Plaintiffs' Complaint are the best evidence of the contents of said document, and Defendants deny Plaintiffs' characterizations thereof, deny any imputation of liability to Defendants, and deny all allegations contained therein.

<p style="text-align:center">121.</p>

Defendant states that the terms of any document referred to within Paragraph 121 of Plaintiffs' Complaint are the best evidence of the contents of said document, and Defendants deny Plaintiffs' characterizations thereof, deny any imputation of liability to Defendants, and deny all allegations contained therein.

<p style="text-align:center">122.</p>

Defendants deny the allegations contained within Paragraph 122 of Plaintiffs' Complaint.

<center>123.</center>

Defendants deny the allegations contained within Paragraph 123 of Plaintiffs' Complaint.

<center>124.</center>

Defendants deny the allegations contained within Paragraph 124 of Plaintiffs' Complaint.

<center>125.</center>

Defendants deny the allegations contained within Paragraph 125 of Plaintiffs' Complaint.

<center>126.</center>

Defendants deny the allegations contained within Paragraph 126 of Plaintiffs' Complaint.

<center>127.</center>

Defendants admit the allegations contained within Paragraph 127 of Plaintiffs' Complaint.

<center>128.</center>

Defendants admit the allegations contained within Paragraph 128 of Plaintiffs' Complaint.

<center>129.</center>

Defendants admit the allegations contained within Paragraph 129 of Plaintiffs' Complaint.

<center>130.</center>

Defendant states that the terms of any document referred to within Paragraph 130 of Plaintiffs' Complaint are the best evidence of the contents of said document, and Defendants deny Plaintiffs' characterizations thereof, deny any imputation of liability to Defendants, and deny all allegations contained therein.

<center>131.</center>

Defendant states that the terms of any document referred to within Paragraph 131 of Plaintiffs' Complaint are the best evidence of the contents of said document, and Defendants deny Plaintiffs' characterizations thereof, deny any imputation of liability to Defendants, and deny all allegations contained therein.

<center>132.</center>

Defendants deny the allegations contained within Paragraph 132 of Plaintiffs' Complaint.

133.

Defendants deny the allegations contained within Paragraph 133 of Plaintiffs' Complaint.

134.

Defendants deny the allegations contained within Paragraph 134 of Plaintiffs' Complaint.

135.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 135 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

136.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 136 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

137.

Defendants deny the allegations contained within Paragraph 137 of Plaintiffs'

Complaint.

## FACTS SUPPORTING PLAINTIFFS' CLAIM FOR
## NEGLIGENT MISREPRESENTATION

### 138.

Defendants deny the allegations contained Paragraph 138 of Plaintiffs' Complaint, and further state that any and all representations Treager made to Plaintiffs were made solely and expressly in his corporate capacity as an officer of OMI.

### 139.

Defendants deny the allegations contained Paragraph 139 of Plaintiffs' Complaint, and further state that any and all representations Treager made to Plaintiffs were made solely and expressly in his corporate capacity as an officer of OMI.

### 140.

Defendants deny the allegations contained within Paragraph 140 of Plaintiffs' Complaint.

### 141.

Defendants are without knowledge or information sufficient to either admit or

deny the allegations contained within Paragraph 141 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">142.</div>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 142 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">143.</div>

Defendants deny the allegations contained within Paragraph 143 of Plaintiffs' Complaint.

<div align="center">

**FACTS SUPPORTING PLAINTIFFS' CLAIM
FOR PROMISSORY ESTOPPEL**

</div>

<div align="center">144.</div>

Defendants deny the allegations contained Paragraph 144 of Plaintiffs' Complaint, and further state that any and all representations Treager made to Plaintiffs were made solely and expressly in his corporate capacity as an officer of OMI.

<div align="center">145.</div>

Defendants deny the allegations contained Paragraph 145 of Plaintiffs' Complaint, and further state that any and all representations Treager made to Plaintiffs were made solely and expressly in his corporate capacity as an officer of OMI.

<div align="center">146.</div>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 146 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">147.</div>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 147 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">148.</div>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 148 of Plaintiffs' Complaint, and

thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<center>149.</center>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 149 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<center>150.</center>

Defendants deny the allegations contained Paragraph 150 of Plaintiffs' Complaint.

<center>151.</center>

Defendants deny the allegations contained within Paragraph 151 of Plaintiffs' Complaint.

<center>**FACTS SUPPORTING PLAINTIFFS' CLAIMS FOR ATTORNEY'S FEES AND COSTS**</center>

<center>152.</center>

Defendants admit Plaintiffs made demand on them, but deny the remaining allegations contained within Paragraph 152 of Plaintiffs' Complaint. Defendants further deny any imputation of liability thereunder.

153.

Defendants deny the allegations contained within Paragraph 153 of Plaintiffs' Complaint.

154.

Defendant states that the terms of any document referred to within Paragraph 154 of Plaintiffs' Complaint are the best evidence of the contents of said document, and Defendants deny Plaintiffs' characterizations thereof, deny any imputation of liability to Defendants, and deny all allegations contained therein.

155.

Defendants admit that Treager solely in his capacity as an officer of OMI had communications with Plaintiffs in August 2022, but deny the remaining allegations contained within Paragraph 155 of Plaintiffs' Complaint, and deny any imputation of liability thereunder.

156.

Defendants deny the allegations contained within Paragraph 156 of Plaintiffs'

Complaint.

<div align="center">157.</div>

Defendants deny the allegations contained within Paragraph 157 of Plaintiffs' Complaint.

## COUNT 1: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
## (OMI AND TREAGER)

<div align="center">158.</div>

Paragraph 158 of Plaintiffs' Complaint incorporates foregoing Paragraphs, and Defendants incorporate their responses to the foregoing Paragraphs. To the extent that an additional response is requested, Defendants deny the allegations contained within Paragraph 158 of Plaintiffs' Complaint.

<div align="center">159.</div>

The allegations contained within Paragraph 159 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 159 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">160.</div>

The allegations contained within Paragraph 160 of Plaintiffs' Complaint

necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 160 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

161.

The allegations contained within Paragraph 161 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 161 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

162.

The allegations contained within Paragraph 162 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 162 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

163.

The allegations contained within Paragraph 163 of Plaintiffs' Complaint

necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 163 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

164.

The allegations contained within Paragraph 164 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 164 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

165.

The allegations contained within Paragraph 165 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 165 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

166.

The allegations contained within Paragraph 166 of Plaintiffs' Complaint

necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 166 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

167.

The allegations contained within Paragraph 167 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 167 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

168.

The allegations contained within Paragraph 168 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 168 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

169.

Defendants deny the allegations contained within Paragraph 169 of Plaintiffs'

Complaint.

## COUNT 2: BREACH OF CONTRACT
## (OMI)

### 170.

Paragraph 170 of Plaintiffs' Complaint incorporates foregoing Paragraphs, and Defendants incorporate their responses to the foregoing Paragraphs. To the extent that an additional response is requested, Defendants deny the allegations contained within Paragraph 170 of Plaintiffs' Complaint.

### 171.

The allegations contained within Paragraph 171 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 171 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

### 172.

Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained within Paragraph 172 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

173.

The allegations contained within Paragraph 173 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 173 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

174.

Defendants admit OMI did not pay Plaintiffs, but deny the allegations contained within Paragraph 174 of Plaintiffs' Complaint, the characterizations contained therein, and any imputation of liability thereunder.

175.

Defendants deny the allegations contained within Paragraph 175 of Plaintiffs' Complaint.

176.

Defendants deny the allegations contained within Paragraph 176 of Plaintiffs' Complaint.

177.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 177 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

178.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 178 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

179.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 179 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

180.

Defendants deny the allegations contained within Paragraph 180 of Plaintiffs' Complaint.

181.

Defendants deny the allegations contained within Paragraph 181 of Plaintiffs' Complaint.

## COUNT 3: FRAUD
## (OMI AND TREAGER)

### 182.

Paragraph 182 of Plaintiffs' Complaint incorporates foregoing Paragraphs, and Defendants incorporate their responses to the foregoing Paragraphs. To the extent that an additional response is requested, Defendants deny the allegations contained within Paragraph 182 of Plaintiffs' Complaint.

### 183.

Defendants deny the allegations contained within Paragraph 183 of Plaintiffs' Complaint.

### 184.

Defendants deny the allegations contained within Paragraph 184 of Plaintiffs' Complaint.

### 185.

Defendants deny the allegations contained within Paragraph 185 of Plaintiffs' Complaint.

### 186.

Defendants deny the allegations contained within Paragraph 186 of Plaintiffs' Complaint.

<div align="center">187.</div>

Defendants deny the allegations contained within Paragraph 187 of Plaintiffs' Complaint.

<div align="center">188.</div>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 188 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<div align="center">189.</div>

Defendants deny the allegations contained within Paragraph 189 of Plaintiffs' Complaint.

<div align="center">190.</div>

Defendants deny the allegations contained within Paragraph 190 of Plaintiffs' Complaint.

<div align="center">

**COUNT 4: NEGLIGENT MISREPRESENTATION**
**(TREAGER)**

191.

</div>

Paragraph 191 of Plaintiffs' Complaint incorporates foregoing Paragraphs, and Defendants incorporate their responses to the foregoing Paragraphs. To the extent that an additional response is requested, Defendants deny the allegations contained within Paragraph 191 of Plaintiffs' Complaint.

192.

Defendants deny the allegations contained within Paragraph 192 of Plaintiffs' Complaint.

193.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 193 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

194.

Defendants deny the allegations contained within Paragraph 194 of Plaintiffs' Complaint.

195.

Defendants deny the allegations contained within Paragraph 195 of Plaintiffs' Complaint.

## COUNT 5: QUANTUM MERUIT AND UNJUST ENRICHMENT
## (OMI AND TREAGER)

196.

Paragraph 196 of Plaintiffs' Complaint incorporates foregoing Paragraphs, and Defendants incorporate their responses to the foregoing Paragraphs. To the extent that an additional response is requested, Defendants deny the allegations contained within Paragraph 196 of Plaintiffs' Complaint.

197.

Defendants admit Plaintiffs provided some work and/or services for OMI, but deny the remaining allegations contained within Paragraph 197 of Plaintiffs' Complaint.

198.

Defendants admit Plaintiffs provided some work and/or services for OMI, but deny the remaining allegations contained within Paragraph 198 of Plaintiffs' Complaint.

199.

Defendants admit OMI requested Plaintiffs provide some work and/or services, but deny the remaining allegations contained within Paragraph 199 of Plaintiffs' Complaint.

200.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 200 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

201.

Defendants admit OMI received some services from Plaintiffs, but deny the remaining allegations contained within Paragraph 201 of Plaintiffs' Complaint.

202.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 202 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

203.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 203 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

204.

The allegations contained within Paragraph 204 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 204 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

## COUNT 6: PROMISSORY ESTOPPEL
## (TREAGER)

205.

Paragraph 205 of Plaintiffs' Complaint incorporates foregoing Paragraphs, and Defendants incorporate their responses to the foregoing Paragraphs. To the extent that an additional response is requested, Defendants deny the allegations contained within Paragraph 205 of Plaintiffs' Complaint.

206.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 206 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

207.

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 207 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<p style="text-align:center">208.</p>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 208 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<p style="text-align:center">209.</p>

Defendants deny the allegations contained within Paragraph 209 of Plaintiffs' Complaint.

<p style="text-align:center">210.</p>

Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 210 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

## COUNT 7: ATTORNEYS' FEES AND COSTS

**(OMI AND TREAGER)**

211.

Paragraph 211 of Plaintiffs' Complaint incorporates foregoing Paragraphs, and Defendants incorporate their responses to the foregoing Paragraphs. To the extent that an additional response is requested, Defendants deny the allegations contained within Paragraph 211 of Plaintiffs' Complaint.

212.

Defendants admit Plaintiffs made demand upon them, but deny the remaining allegations contained within Paragraph 212 of Plaintiffs' Complaint, and thus they are denied by operation of law. Defendants further deny any imputation of liability thereunder.

213.

Defendants deny the allegations contained within Paragraph 213 of Plaintiffs' Complaint.

214.

Defendants deny the allegations contained within Paragraph 214 of Plaintiffs' Complaint.

215.

Defendants deny the allegations contained within Paragraph 215 of Plaintiffs' Complaint.

<center>216.</center>

The allegations contained within Paragraph 216 of Plaintiffs' Complaint necessitate a legal conclusion or opinion which Defendants are not qualified to render, and thus the allegations contained within Paragraph 216 of Plaintiffs' Complaint are denied by operation of law. Defendants further deny any imputation of liability thereunder.

<center>217.</center>

Defendants deny all averments contained in Plaintiffs' "Prayer for Relief" Paragraph and any unnumbered Paragraphs, any allegations not specifically denied herein, any *ad damnum* clauses, and any prayers for relief contained therein, and respectfully prays that this Court deny Plaintiffs' Complaint and Plaintiffs' prayers for relief, recovering nothing, awarding Defendants hare costs and expenses in defense of such claims, and whatever other relief that this Court deems just and proper.

## <u>COUNTERCLAIM</u>

**COMES NOW** Defendants in the above-styled action, and for this Counterclaim avers the following:

218.

Defendants reallege and incorporate their Affirmative Defenses and their responses to Paragraphs 1 through 217 of Plaintiffs' Complaint above with the same force and effect as if contained fully herein.

219.

Plaintiffs executed non-disclosure agreements with OMI. As part of those agreements, Plaintiffs agreed not to disclose financial and other information about Defendants to others. Plaintiff Biscardi breached his non-disclosure agreement by publishing financial and other information about OMI online. Plaintiff Biscardi's publication of financial and other information about OMI was intentional and malicious. As a direct and proximate result of Plaintiff Biscardi's beach of his non-disclosure agreement, OMI's funding has been delayed and jeopardized. As a further direct and proximate result of Plaintiff Biscardi's breach of his non-disclosure agreement, OMI has been damaged in an amount to be determined at trial.

220.

Plaintiffs have certain work product that is the rightful property of OMI. Defendants repeatedly have requested that Plaintiffs release the work product to OMI, but Plaintiffs have steadfastly failed and refused to do so. Plaintiffs' failure to deliver the work product to Defendants constitutes breach of contract for which they are liable to OMI in an amount to be determined at trial.

221.

Plaintiffs conducted themselves in bad faith and in a stubbornly litigious manner.

222.

Plaintiffs' conduct warrants an award of Defendants' attorney's fees, costs, and expenses incurred in connection with the above-styled civil action pursuant to any and all applicable authority.

**WHEREFORE**, Defendants pray for the following relief:

a.    Demand is made for a trial by jury pursuant to Fed. R. Civ. P. 38(b);

b.    Dismissal of Plaintiffs' Complaint, and all costs cast against Plaintiffs;

c.    In the alternative, Judgment for Defendants on all Counts contained within Plaintiffs' Complaint;

d.     Judgment for Defendants and an award of damages on their Counterclaim;

e.     An award of Defendants' costs and expenses incurred in this action, including Defendants' attorney's fees and expenses associated therewith; and,

f.     Such other and further relief as this Court deems just and proper.

**This** 11ᵗʰ day of November, 2022.

<div align="right">

**Respectfully submitted,**

**MASON | CARTER LLC**


*/s /William Paul Mason*
William Paul Mason
Georgia Bar No.:   475710

Attorneys for Defendants

</div>

**MASON | CARTER LLC**
45 Technology Parkway South
Suite 240
Peachtree Corners, GA 30092-3455
Tel.:   770-399-6450
Fax:   770-399-6471
wpmason@masonlawfirm.net

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WALTER BISCARDI, JR., DANIEL
DAUBE, AMANDA RIER, and
STEPHANIE MULLEN,

     Plaintiffs,

v.

OUTDOOR MASTERCLASS, INC.
and MARK TREAGER,

     Defendants.

Civil Action

File No.:    1:22-cv-03940-MHC

## <u>CERTIFICATE OF SERVICE</u>

I certify that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to all counsel of record.

**This** 11th day of November, 2022.

*/s /William Paul Mason*
William Paul Mason
Georgia Bar No.:   475710

Attorneys for Defendants

**MASON | CARTER LLC**
45 Technology Parkway South
Suite 240
Peachtree Corners, GA 30092-3455
Tel.:   770-399-6450
Fax:   770-399-6471
[wpmason@masonlawfirm.net](mailto:wpmason@masonlawfirm.net)