# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WALTER BISCARDI, JR., DANIEL DAUBE, AMANDA RIER and STEFANIE MULLEN,<br><br>  Plaintiffs,<br><br>v.<br><br>OUTDOOR MASTERCLASS, INC. and MARK TREAGER,<br><br>  Defendants. | CIVIL ACTION FILE NO:<br><br>1:22-cv-03940-MHC |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

COME NOW the parties in the above-styled civil action and present their Joint Preliminary Report and Discovery Plan as follows:

1. **Description of Case:**

Plaintiffs brought this action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), and the laws of the State of Georgia, to recover for uncompensated work that Plaintiffs performed for Defendants. Plaintiffs have also asserted claims for breach of contract, fraud, negligent misrepresentation, unjust enrichment, promissory estoppel, and attorney's

fees and expenses of litigation. Defendants denied the material allegations within Plaintiffs' Complaint and First Amended Complaint, asserted numerous Affirmative Defenses, and a Counterclaim for breach of contract and attorney's fees and expenses of litigation.

**(a) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Starting with Walter Biscardi, Jr. in October of 2021, Plaintiffs were each hired by Defendants to begin developing a multi-channel subscription video on demand service focused on outdoor activities edutainment. Defendant Outdoor Masterclass, Inc. ("OMI") was the corporation formed by Defendant Mark Treager ("Treager") to develop the service. Treager is the sole incorporator of OMI and its CEO, CFO, and Secretary.

Plaintiffs worked for Defendants but were never compensated for their work. Plaintiffs initiated this action on September 29, 2022. Defendants were served on October 11, 2022. Following a Consent Order for Extension of Time, Defendants timely filed their Answer, Affirmative Defenses, and Counterclaim on November 11, 2022. Plaintiffs filed their Answer to Counterclaim and their First Amended Complaint on December 2, 2022.

Defendants dispute that Defendant Treager is individually liable to Plaintiffs. Defendants allege that Plaintiffs executed Nondisclosure Agreements with Defendant OMI.

**(b) The legal issues to be tried are as follows:**

1) Whether Defendant OMI violated the FLSA and/or Georgia law related to non-payment of wages, benefits, and expenses to Plaintiffs and, if so, what shall be the remedy.

2) Whether Defendant Treager, violated the FLSA and/or Georgia law related to non-payment of wages, benefits, and expenses to Plaintiffs and, if so, what shall be the remedy.

3) Whether Defendant OMI breached its contracts with Plaintiffs and, if so, the damages resulting therefrom.

4) Whether Defendant OMI and/or Defendant Treager is liable to Plaintiffs for quantum meruit and/or unjust enrichment and, if so, the damages resulting therefrom.

5) Whether Defendant Treager is liable to Plaintiffs for promissory estoppel, and, if so, the damages resulting therefrom.

6) Whether Defendants OMI and/or Treager committed fraud and, if so, the damages resulting therefrom.

7) Whether Defendant Treager is liable to Plaintiffs for negligent misrepresentation, and, if so, the damages resulting therefrom.

8) Whether Defendants OMI and/or Treager are liable for Plaintiffs' attorney's fees and expenses of litigation and, if so, the amount of fees and expenses to be awarded.

9) Whether the FLSA applies to the Parties in this case.

10) Whether Plaintiffs violated their Nondisclosure Agreements with Defendant OMI.

11) Whether Plaintiffs performed on their contracts with Defendant OMI.

**(c) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases:

None.

(2) Previously Adjudicated Related Cases:

None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties

\_\_\_\_\_ (2) Unusually large number of claims or defenses

\_\_\_\_\_ (3) Factual issues are exceptionally complex

\_\_\_\_\_ (4) Greater than normal volume of evidence

\_\_\_\_\_ (5) Extended discovery period is needed

\_\_\_\_\_ (6) Problems locating or preserving evidence

\_\_\_\_\_ (7) Pending parallel investigations or action by government

\_\_\_\_\_ (8) Multiple use of experts

\_\_\_\_\_ (9) Need for discovery outside United States boundaries

\_\_\_\_\_ (10) Existence of highly technical issues and proof

\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

This case is not complex.

**3.　Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**For Plaintiffs:**

Michael K. McGuffee
Poole Huffman, LLC

**For Defendants:**

William Paul Mason, Esq.
Mason Carter LLC

**4.　Jurisdiction:**

Is there any question regarding this court's jurisdiction?

\_\_\_\_ Yes __X__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.  Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

    None known at this time.

(b) The following persons are improperly joined as parties:

    None known at this time.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

    The Parties' names are accurately stated.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.  Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

    (a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

    No further amendments are anticipated at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The Parties propose that the discovery period in this case begin on February 1, 2023. The Parties propose that initial disclosures be due by February 17, 2023.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues to be addressed and the position of each party.

The Parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The Parties will conduct discovery with respect to issues and defenses raised in the Complaint and Answer and Counterclaim.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties propose that the discovery period in this case begin on February 1, 2023.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

(b) Is any party seeking discovery of electronically stored information?

  X   Yes       No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties do not anticipate any electronic discovery requiring any type of forensic, keyword, or metadata searches, and will be limited to the scope of discovery typically utilized for non-ESI documents.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Electronic information that can be produced in PDF or paper format will be produced either via email, on a disk, or on paper. The Parties reserve the right to seek electronic information through any additional manner, including but not limited to the original native format and the original metadata information. Parties agree to provide reasonable notice of the need for an additional production method.

(3) In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

The Parties have come to an agreement in principle regarding the discovery of electronically stored information; therefore, the Parties will not require a scheduling conference.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

    None known at this time.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **January 17, 2023** and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiffs:**

    Counsel (signature):    s/ Michael McGuffee

**For Defendants:**

    Counsel (signature):    s/ William Paul Mason

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    ____ A possibility of settlement before discovery.
    **X** A possibility of settlement after discovery.
    ____ A possibility of settlement, but a conference with the judge is needed.
    ____ No possibility of settlement.

(c) Counsel __X__ do or _____ do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is likely a date in April, 2023.

(d) The following specific problems have created a hindrance to settlement of this case: None.

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ____ do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20____.

(b) The parties **X** do not consent to having this case tried before a magistrate judge of this court.

The undersigned, in accordance with L.R. 7.1 and 5.1(C), hereby certifies that the type font used herein is 14-Point Times New Roman font.

This 17th day of January, 2023.


**For Plaintiffs:**

s/ Michael McGuffee
Georgia Bar No. 720456
William S. Cleveland
Georgia Bar No. 721593
POOLE HUFFMAN, LLC
3562 Habersham at Northlake Building J, Suite 200
Tucker, Georgia 30084
T: (404) 373-4008
F: (888) 709-5723
michaelm@poolehuffman.com
billy@poolehuffman.com

**For Defendants:**

s/ William Paul Mason
Georgia Bar No. 475710
MASON CARTER LLC

45 Technology Parkway South
Suite 240
Peachtree Corners, GA 30092-3455

* * * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

IT IS SO ORDERED, this ____ day of _____, 2023.

_____
Mark H. Cohen
United States District Judge

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that I have this date electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record in this case.

This 17th day of January, 2023.

By: s/ Michael McGuffee