## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WALTER BISCARDI, JR., DANIEL DAUBE, AMANDA RIER, and STEPHANIE MULLEN,<br><br>    Plaintiffs,<br><br>v.<br><br>OUTDOOR MASTERCLASS, INC. and MARK TREAGER,<br><br>    Defendants. | Civil Action<br><br>File No.:    1:22-cv-03940-MHC |

## DEFENDANTS'
## INITIAL DISCLOSURES

**COME NOW** Outdoor Masterclass, Inc. and Mark Treager, Defendants in the above styled civil action, (collectively "Defendants"), and pursuant to Federal Rule of Civil Procedure 26(a)(1) file these Initial Disclosures.

**(1)    If the defendant is  improperly identified, state defendant's  correct identification and  state whether defendant will accept service of an amended summons and complaint reflecting  the information furnished  in this disclosure response.**

Defendants are properly identified.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Defendants do not contend there are other necessary parties to this action.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Defendant Treager formed a new business, Defendant OMI. Defendant OMI recruited and hired Plaintiffs. Plaintiffs executed non-disclosure agreements with Defendant OMI. As part of those agreements, Plaintiffs agreed not to disclose financial and other information about Defendants to others.

Plaintiff Biscardi breached his non-disclosure agreement by publishing financial and other information about OMI online. Plaintiff Biscardi's online publications about Defendants cost Defendant OMI the outside financial investments Defendants anticipated and needed to fund OMI.

Plaintiff Biscardi's publication of financial and other information about OMI was intentional and malicious. As a direct and proximate result of Plaintiff Biscardi's beach of his non-disclosure agreement, OMI's funding was delayed and jeopardized. As a further direct and proximate result of Plaintiff Biscardi's breach of his non-disclosure agreement, OMI has been damaged in an amount to be determined at trial.

Plaintiffs have certain work product that is the rightful property of Defendant OMI. Defendants repeatedly have requested that Plaintiffs release Defendant OMI's work product to OMI, but Plaintiffs have steadfastly failed and refused to do so. Plaintiffs' failure to deliver the work product to Defendants constitutes breach of contract for which they are liable to Defendant OMI in an amount to be determined at trial.

**(4)	Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

-	The Fair Labor Standards Act, its applications and defenses thereof;

-	Relevant Georgia case law and statutory authority on breach of contract;

**(5)	Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

- Plaintiffs; c/o Michael K. McGuffee, Esquire; Poole Huffman; 3562 Habersham at Northlake, Bldg. J, Ste 200, Tucker, Georgia 30084; 404-373-4008.

- Defendants: c/o William Paul Mason, Esquire; Mason Carter LLC; 45 Technology Parkway South, Suite 240, Peachtree Corners, Georgia 30092-3455; 770-399-6450.

- Those individuals identified on Plaintiffs' Initial Disclosures.

Defendants anticipate other individuals to be identified as discovery unfolds, and he will supplement his response at that time.

**(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Defendants have not identified any such experts at this time.

**(7)   Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Defendants do not have any electronically stored documents that have not been produced previously to Plaintiff. Defendants have documents related to Plaintiff Biscardi's breach of contract, but believe those previously were produced to Plaintiffs.

Defendants anticipate documents will arise subsequent to this submission in discovery and otherwise that would support their defenses, and Defendants will provide those documents timely to Plaintiff when those are obtained.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Breach of Contract: Defendants continue to try and make OMI survive. If OMI is unable to survive due to Plaintiffs' conduct, Defendants' damages would include the value of OMI and the lost value of OMI, all to be determined.

Defendants' attorney's fees: @ $400 per hour, costs, and expenses of litigation.

**(9)** **If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Defendants do not contend that some other person or legal entity is, in whole

or in part, liable to Plaintiffs or Defendant.

**(10)** **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Defendants have no insurance agreement which may satisfy any judgment.


**This** 24th day of February, 2023.



Respectfully submitted,

MASON | CARTER LLC



*/s /William Paul Mason*
William Paul Mason
Georgia Bar No.:   475710

Attorneys for Defendants

**MASON | CARTER LLC**
45 Technology Parkway South
Suite 240
Peachtree Corners, GA 30092-3455
Tel.:   770-399-6450
Fax:   770-399-6471
wpmason@masonlawfirm.net

WALTER BISCARDI, JR., DANIEL
DAUBE, AMANDA RIER, and
STEPHANIE MULLEN,

     Plaintiffs,

v.

OUTDOOR MASTERCLASS, INC.
and MARK TREAGER,

     Defendants.

Civil Action

File No.:    1:22-cv-03940-MHC

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to all counsel of record.

**This** 24th day of February, 2023.

*/s /William Paul Mason*
William Paul Mason
Georgia Bar No.:   475710

- 8 -

Attorneys for Defendants

**MASON | CARTER LLC**
45 Technology Parkway South
Suite 240
Peachtree Corners, GA 30092-3455
Tel.:   770-399-6450
Fax:    770-399-6471
wpmason@masonlawfirm.net