# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WALTER BISCARDI, JR., DANIEL
DAUBE, AMANDA RIER and
STEFANIE MULLEN,

     Plaintiffs,

v.

OUTDOOR MASTERCLASS, INC.,
and MARK TREAGER,

     Defendants.

CIVIL ACTION FILE

NO. 1:22-CV-3940-MHC

## ORDER

This case comes before the Court on the Motion to Withdraw as Counsel filed by William Paul Mason and Mason Carter LLC, as counsel for Defendants Mark Treager and Outdoor Masterclass, Inc. [Doc. 20]. Upon review of the motion, it appears that Mr. Mason has complied with Local Rule 83.1(E), and for good cause shown, it is hereby **ORDERED** that the Motion to Withdraw as Counsel [Doc. 20] is **GRANTED**.

The Clerk of Court is **DIRECTED** to remove William Paul Mason and Mason Carter LLC as counsel of record for Defendants.

It is further **ORDERED** that Mr. Mason shall serve a copy of this Order on Defendants Mark Treager and Outdoor Masterclass, Inc. *instanter* and file a certificate of service on the case docket.

Outdoor Masterclass, Inc. is a Georgia corporation. First Am. Compl. [Doc. 9] ¶ 6; Defs.' Answer, Affirmative Defenses and Countercl. [Doc. 11] ¶ 6. A corporation must be represented by an attorney in federal court. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel[ ]" and "the rationale for that rule applies equally to all artificial entities."); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); LR 83.1(E)(2)(b)(I), NDGa ("[A] corporation may only be represented in court by an attorney, . . . an attorney must sign all pleadings submitted to the court, and . . . a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the state of Georgia.").

It is further **ORDERED** that the corporate Defendant Outdoor Masterclass, Inc. shall notify the Clerk within twenty-one (21) days of the date of this Order (or before any further proceedings are held in this case, whichever is earlier) of the

name and contact information of its new counsel.  Failure to designate counsel for

Defendant Outdoor Masterclass, Inc. could result in a default being entered against

Defendant Outdoor Masterclass, Inc.  See LR 83.1(E)(4), NDGa.

    **IT IS SO ORDERED** this 20th day of March, 2023.

_____
MARK H. COHEN
United States District Judge